# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**AZAEL DYTHIAN PERALES,**

                    **Plaintiff,**

                                                    **CIVIL ACTION**

**v.**

                                                    **No:  12-2303-KHV-GLR**

**THE RECORD NEWSPAPER,[1]**

                    **Defendant.**

## REPORT AND RECOMMENDATION

### NOTICE

Within fourteen days after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the Report and Recommendation.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition.  If no objections are timely filed, no appellate review will be allowed by any court.

### REPORT AND PROPOSED FINDINGS

Plaintiff commenced this action on May 18, 2012, by filing a thirty-five page "Petition for Appeal, Writ of Habeas Corpus & Maladministration Proceeding Under 28 U.S.C.A. § 2241, Power

---

[1]The Court's caption reflects the defendant as docketed in this action.  As stated in the body of this Report and Recommendation, Plaintiff brings this action against numerous defendants in addition to The Record Newspaper.  In *pro se* cases involving a multitude of named defendants, the Court may determine that it would waste scarce resources and serve no useful purpose to enter the names of all defendants on the physical docket sheet.  *See Perales v. United States*, No. 1:11-CV00468-DBH, 2011 WL 6190151 at *1 n.1 (D. Me. Dec. 9, 2011) (recommendation) *adopted by* 2012 WL 113299 (D. Me. Jan. 13, 2012).  Upon such determination, it is appropriate to name a lead defendant subject to later revision, if the action survives summary dismissal.  *See id.*  The docket in this case appropriately lists a lead defendant.  Given the recommendation to dismiss this action, there is no need to adjust the docketing.

to Grant Writ" that has been docketed as a civil complaint with nearly two hundred pages of attach-ments.[2]  The first thirty-two pages list various newspapers, magazines, governmental agencies and officials, and other individuals as defendants.[3]  Following the lengthy caption, Plaintiff sets forth his requests to the Court in two pages before signing the filing on page thirty-five.[4]  Plaintiff's requests appear to be unrelated legal citations to 28 U.S.C. § 2241, various provisions of Title 18 of the United States Code, and other federal rules and statutes.[5]  At one point, he alleges that Defendants denied him access to the federal courts and failed to provide rights to a crime under the Crime Victim's Rights Act of 2004.[6]

Contemporaneously with this recommendation, the Court has granted Plaintiff leave to proceed with this action without prepayment of the filing fee.  Consequently, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  All cases, furthermore, are subject to jurisdictional review under Fed. R. Civ. P. 12(h)(3).  In fact, the courts are obligated to consider jurisdictional issues even when no party has raised them.[7]

Because Plaintiff proceeds *pro se*, his pleadings are liberally construed.[8]  Liberal con-struction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which

---

[2]*See* Compl. (ECF No. 1).

[3]*See id.* at 1-32.

[4]*See id.* at 33-35.

[5]*See id.* at 33-34.

[6]*See id.* at 34.

[7]*See Gonzalez v. Thaler,* 132 S. Ct. 641, 648 (2012).

[8]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

a recognized legal claim could be based."[9]  Nor does it relieve the burden to establish that this Court has jurisdiction over the subject matter.[10]

To the extent Plaintiff brings this action pursuant to 28 U.S.C. § 2241, the Court lacks jurisdiction over it, because he does not fulfill the in-custody requirement for bringing a § 2241 petition.  Section 2241 only provides a jurisdictional basis for habeas actions filed by persons held "in custody in violation of the Constitution or laws or treaties of the United States."[11]  Because Plaintiff is not in custody within the meaning of § 2241, that statute provides him no basis for relief.

Similarly, the litany of criminal statutes cited in his petition provide no basis for a civil action.[12]  A private citizen, such as Plaintiff, simply lacks standing to pursue a criminal prosecution in a civil case.[13]

Lastly, to the extent Plaintiff attempts to invoke other federal rules or statutes, his complaint fails to comply with Fed. R. Civ. P. 8(a) and fails to state a claim upon which relief can be granted.  Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  To plead a claim in compliance with this rule, parties must provide "enough facts to state

---

[9]*Id.*

[10]*Sump v. Schaulis*, No. 07-4014-RDR, 2007 WL 1054277, at *1 (D. Kan. Apr. 9, 2007).

[11]*Noriega v. Pastrana*, 130 S. Ct. 1002, 1006 (2010) (quoting *Rasul v. Bush*, 542 U.S. 466, 473 (2004)); *accord Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005).

[12]*See, e.g.*, *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (holding that criminal statutes "do not provide for a private right of action and are thus not enforceable through a civil action"); *Newcomb v. Ingle*, 827 F.2d 675, 676 n.1 (10th Cir. 1987) (recognizing that criminal statutes such as 18 U.S.C. § 241 do not provide for a private civil cause of action).

[13]*See Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973).  "The party invoking federal jurisdiction bears the burden of establishing" that he or she has standing.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

3

a claim to relief that is plausible on its face."[14]   Alleged facts must "raise a right to relief above the speculative level."[15]   Claims have facial plausibility when the pleader provides sufficient factual content to allow a "reasonable inference that the defendant is liable for the misconduct alleged."[16]   The Plaintiff in this case alleges no facts to state any plausible claim against any of the hundreds of defendants listed in his first thirty-two pages.   He simply alleges no facts that permit a reasonable inference that any listed defendant is liable for any misconduct.   His complaint is devoid of facts – he provides no more than mere legal conclusions in the two pages that he states his requests to the Court.   For these reasons, this case should be dismissed under § 1915(e)(2)(B) to the extent the Court has subject matter jurisdiction.

This is not Plaintiff's first foray into federal court.[17]   In fact, Plaintiff has filed similar cases in other jurisdictions.[18]   Although this Court has not undertaken an exhaustive review of Plaintiff's prior cases, its sampling has revealed no case with any discernable merit.   Prior to Plaintiff's filing

---

[14]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[15]*Twombly*, 550 U.S. at 555.

[16]*Iqbal*, 556 U.S. at 678.

[17]*See Perales v. Trueblue, Inc.*, No. 12-CV-097-TCK-FHM, 2012 WL 1592540, at *2 (N.D. Okla. May 4, 2012) (noting that Plaintiff had "filed eighty-five actions in district courts and federal courts of appeal around the country").

[18]*See, e.g.*, *Perales v. United States*, No. 3:12CV07, 2012 WL 2049487, at *1 (E.D. Va. June 6, 2012) (addressing document titled the same as the filing in this Court); *Perales v. Am. Bankers Ass'n PAC*, No. 12-0446 RMB, 2012 WL 273902, at *1 (D.N.J. Jan. 31, 2012) (describing a lengthy caption followed by two-pages of unrelated legal citations, and allegations of denied access to federal courts and rights under the Crime Victim's Act); *Perales v. United States*, No. 1:11-CV-0468-DBH, 2011 WL 6190151 at *1 (D. Me. Dec. 9, 2011) (recommendation identifying a similar denial of access to courts) *adopted by* 2012 WL 113299 (D. Me. Jan. 13, 2012); *Perales v. United States*, 93 Fed. Cl. 495, 496-98 (Fed. Cl. 2010) (addressing document titled the same as the filing in this Court), *aff'd*, 399 F. App'x 581 (Fed. Cir. 2010).

the instant action on May 18, 2012, the Northern District of Oklahoma warned Plaintiff "that further frivolous litigation in [the Northern District of Oklahoma] will result in an order barring Plaintiff from filing new actions without prior permission."[19]  About four months earlier, the District of Maine dismissed an action as frivolous, warned Plaintiff that future "filing of frivolous lawsuits in this jurisdiction will result in the imposition of sanctions," and informed him that the court does not tolerate groundless and inappropriate filings.[20]

This Court likewise does not tolerate groundless or inappropriate filings.  "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances."[21] Courts may also impose sanctions under Fed. R. Civ. P. 11(c) when claims and legal contentions are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" or when factual contentions lack evidentiary support.  *Pro se* litigants, furthermore, have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."[22]  Based on Plaintiff's filing in this Court and his litigation history, the Court should warn or admonish him that filing a future action in the District of Kansas which does not survive review under 28 U.S.C. § 1915(e) may result in sanctions up to and including a monetary sanction payable to the Court and restrictions on his filings in this Court.

---

[19]*See Perales v. Trueblue, Inc.*, No. 12-CV-097-TCK-FHM, 2012 WL 1592540, at *2 (N.D. Okla. May 4, 2012).

[20]*Perales v. United States*, No. 1:11-CV-468-DBH, 2012 WL 113299, at *1 (D. Me. Jan. 13, 2012) (adopting recommendation).

[21]*Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007).

[22]*Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**<u>RECOMMENDATION</u>**

It is hereby recommended that this action be dismissed for lack of jurisdiction to the extent it is brought pursuant to 28 U.S.C. § 2241 or criminal statutes.  It is further recommended that the Court summarily dismiss this action with prejudice under 28 U.S.C. § 1915(e)(2) to the extent it has jurisdiction.  Lastly, it is recommended that the Court warn or admonish Plaintiff about engaging in sanctionable conduct as set forth herein.

Respectfully submitted on this 19th day of June, 2012, in Kansas City, Kansas.

<u>S/Gerald L. Rushfelt</u>
Gerald L. Rushfelt
United States Magistrate Judge